**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Leonel MADRIGAL–LOPEZ,
Defendant—Appellant.**

**United States of America,
Plaintiff—Appellant,**

v.

**Leonel Madrigal–Lopez, Defendant—
Appellee.**

**No. 01–30328, 01–30344.
D.C. No. CR–00–00330–Z,
CR–00–00330–TSZ.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2003.*

Decided Oct. 14, 2003.

Before D.W. NELSON, KOZINSKI and MCKEOWN, Circuit Judges.

MEMORANDUM **

1. Defendant's counsel was not ineffective. His decision as to how much evidence on Mexican cockfighting was necessary to defend his client was not objectively unreasonable. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

2. The district court did not abuse its discretion by allowing English-language transcripts to be read to the jury during trial or by permitting the jury to take the transcripts into the jury room. In *United States v. Franco*, 136 F.3d 622 (9th Cir. 1998), the court concluded it was permissible to allow translated transcripts in the jury room, *id.* at 625, although it suggested that it is preferable to read the translated transcripts aloud to the jurors in open court, *see id.* at 628. Defendant's argument that the translations themselves were inaccurate is waived; defendant's counsel stipulated to their accuracy before trial, and never raised the argument again.

3. The district court did not err when it admitted the testimony of David Nava under Federal Rule of Evidence 801(d)(2)(E). Defendant fails to show that the district court clearly erred in its understanding of the relationship between Nava and his cousin, Ramon Nava–Vargas.

---

1. The government's motion for judicial notice is denied as moot.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

4.   Given that none of the alleged errors at trial even came close to the line, we cannot find cumulative error.

5.   The evidence–the testimony of two witnesses and the transcripts of the phone calls, combined with a questionable alibi–was sufficient to convict defendant.

6.   The government's counterclaim also fails.   The district court did not clearly err when it refused to give defendant a two-level sentence enhancement for obstruction of justice.   *See United States v. Oplinger,* 150 F.3d 1061, 1071 n. 8 (9th Cir.1998) ("As a cautionary note, we emphasize that 'not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury.'").

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.